IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:17-CR-342-1H

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| versus | ) |
| | ) |
| DAMIN MARSHALL | ) |

**DEFENDANT'S SENTENCING MEMORANDUM**

Undersigned counsel has spent considerable time with the defendant, and has reviewed the evidence in the case an had others review the evidence. Several matters have appeared which inform the sentencing of Mr. Marshall.

First, the Defendant and his wife had a very brief acquaintance prior to marrying each other. It is clear from their interviews after this encounter that their union was ill-advised and, apparently, doomed from the start by different career paths, failure of commitment among and between the couple, and Mr. Marshall's increasingly serious alcohol use and abuse in the last weeks before the encounter which resulted in his arrest.

Defendant in his interview with NCIS was frank in his description of his and his then-wife's physical relationship

1

and etc.; however, whether due to his alcohol intake in the hours before their final encounter, or whether it, combined with a less-than complete and comprehensive understanding and knowledge of the limits of their physical relationship, the encounter devolved into a non-consensual one which resulted in a felonious sexual assault.

His interview with NCIS illustrated a serious lack of insight regarding his relationship with his wife, and the enormity of his actions. Given the relatively short time between the assault and the interview with NCIS, what happened is illustrated in stark relief.

There is no question that Damin Marshall is a decent man and person, absent exposure to alcohol. Undersigned counsel's recommendation to the Court regarding sentencing is that the Court recommend that he be placed in the most intensive alcohol treatment and counseling program available in the Bureau of Prisons.

Counsel also requests that the Court recommend Mr. Marshall's inclusion in any available anger management counseling available in addition to the mandatory sex offender education/rehabilitation regimen.

With respect to the sentence, undersigned counsel recommends that the court impose a sentence at the lower end of the calculated guideline range, that being 210 months.

Lastly, should the court, from the record proper, determine that there is a reasonable basis for a variance sentence below the recommended guideline range established in the presentence report, counsel implores the court to consider imposing a lower variance sentence.

Respectfully submitted, this the 2nd day of October, 2018.

> MANNING LAW FIRM PLLC
>
> /s/ Thomas C. Manning
>
> Thomas C. Manning, NCSB 7887
> 1312 Annapolis Drive, Ste. 201
> Raleigh, North Carolina 27608
> (919) 834-3499; fax: (919) 834-3864
> thomasmanning@manninglaw.com
> CJA Panel Counsel for
> Defendant Damin Marshall

## **CERTIFICATE OF SERVICE**

Undersigned certifies that he has electronically filed the foregoing DEFENDANT'S SENTENCING MEMORANDUM, and has thereby served AUSA Melissa Kessler EDNC, and has emailed a copy of same to United States Probation Officer Richard Whitaker.

This, the 2nd day of October, 2018.

/s/ Thomas C. Manning
───────────────────────
Thomas C. Manning